**GOLDBERG & FLIEGEL LLP**
ATTORNEYS AT LAW
60 EAST 42ND STREET, SUITE 3520
NEW YORK, NEW YORK 10165
www.goldbergfliegel.com

KENNETH A. GOLDBERG    TELEPHONE: (212) 983-1077
MICHELE L. FLIEGEL    FACSIMILE: (212) 973-9577

November 14, 2013

**BY ECF**
Hon. Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Koumoulis et al. v. Independent Financial Marketing Group, Inc. et al.*,
>       No. 10-cv-0887 (PKC) (VMS)

Dear Judge Chen:

      We represent the Plaintiffs in the above-referenced matter.  We have just received Defendants' November 14, 2013 letter to Your Honor and we write to set forth our position.

      First, we understand that Defendants intend to file objections to Magistrate Judge Scanlon's November 1, 2013 Memorandum and Order ("Decision").  Plaintiffs intend to oppose any such objections.  Defendants have had 14 days to file their objections. Plaintiffs request 14 days to file a response to any objections.  Plaintiffs extended professional courtesy to Defendants in connection with the due date for production under the Decision and it is appropriate for Plaintiffs to be given a reasonable period of time to respond to Defendants' objections.

      Second, we understand that Defendants seek to file objections/evidence under seal or in redacted form.  Plaintiffs oppose that request.  Defendants' objections should be limited to the record before Judge Scanlon.  No "new evidence" should be considered.  The record reflects that Defendants already had a full and fair opportunity to present all evidence to the Court.  In April 2013, the parties filed an extensive joint submission detailing their positions.  In October 2013, Defendants filed materials under seal and further argued their position.  In addition, the parties had multiple telephone conferences with the Court.  As the Court noted in its Decision:

> "Defendants did not supplement their motion papers with sworn affidavits, deposition transcripts or other evidence, despite participating in two telephone conferences with the Court after the motion papers were filed."

(Decision at 28; see also Decision at 6, 22).

Finally, no part of Defendants' forthcoming objections should be under seal or redacted. Defendants already submitted materials under seal to Magistrate Judge Scanlon and Plaintiffs had no access to that material. In order for Plaintiffs to fully respond to Defendants' forthcoming objections, any materials filed by Defendants should be made fully available to Plaintiffs.

Thank you for Your Honor's attention to this matter.

                                        Respectfully submitted,
                                        /s/ Kenneth A. Goldberg
                                        Kenneth A. Goldberg